UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENZO CUPELLINI ECHEVARRIA (A-242-111-910),<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CENTRAL VALLEY ANNEX DETENTION,<br><br>Respondent. | No. 1:26-cv-6548 TLN CSK<br><br>FINDINGS & RECOMMENDATIONS |

Petitioner Enzo Cupellini Echevarria (A-242-111-910), a native of Cuba and citizen of Cuba and Italy who is proceeding without counsel, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In 2021, petitioner was admitted to the United States under the Visa Waiver Program, and in 2023 adjusted to status as a lawful permanent resident. On February 21, 2026, petitioner was detained by U.S. Immigration and Customs Enforcement ("ICE") officials. ICE initiated removal proceedings against petitioner based on his criminal convictions. This habeas action concerns petitioner's detention. For the reasons that follow, the Court recommends that the petition for writ of habeas corpus be granted.

[1] Petitioner is proceeding in forma pauperis. This matter proceeds before the undersigned pursuant to 28 U.S.C. § 636, Fed. R. Civ. P. 72, and Local Rule 302(c)(17).

## I. FACTUAL BACKGROUND

In 2021, petitioner was admitted into the United States under the Visa Waiver Program, and he adjusted status to lawful permanent resident in 2023. (ECF No. 7 at 12.) On December 4, 2024, petitioner pled guilty to a violation of Florida Statutes §§ 893.147 for possession of drug paraphernalia and 893.13(6)(a) for possession of a controlled substance (methamphetamine). (Id. at 1, 33, 46.) Petitioner acknowledged the immigration consequences of his guilty plea including the risk of deportation. (Id. at 43.) Petitioner was sentenced to 68 days in county jail, probation, and fines for these offenses. (Id. at 33-39.)

On February 11, 2026, ICE arrested petitioner at the probation office in Fort Myers, Florida. (Id. at 12.) On February 11, 2026, petitioner was issued a Notice to Appear charging petitioner with being subject to removal under (1) Immigration and Nationality Act ("INA") section 237(a)(2)(B)(i), 8 U.S.C. § 1227(a)(2)(B)(i), as having been convicted of a violation relating to a "controlled substance" as defined in section 102 of the Controlled Substances Act, 21 U.S.C. § 802. (Id. at 15-18.)

On September 29, 2026, the Immigration Judge found that petitioner was removable and ordered petitioner's removal. See https://acis.eoir.justice.gov/en.[2] Petitioner's appeal to the BIA is due October 29, 2026. (Id.).

## II. PROCEDURAL BACKGROUND

On August 17, 2026, petitioner filed his petition for writ of habeas corpus.[3] (ECF No. 1-3.) On August 18, 2026, the district judge referred the matter to the assigned magistrate judge for

[2] The court may take judicial notice of facts that are "not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned," Fed. R. Evid. 201(b), including undisputed information posted on official websites. Daniels-Hall v. National Education Association, 629 F.3d 992, 999 (9th Cir. 2010). The Executive Office for Immigration Review ("EOIR") adjudicates immigration cases, and the EOIR Automated Case Information website is an official website of the United States Government. The address of this official website is https://acis.eoir.justice.gov/en/.

[3] When petitioner was previously detained in Florida, he filed a petition for writ of habeas corpus in the Southern District of Florida. (See Echevarria v. Krome, No. 1:26-cv-23762-BB (S.D. Fla. Jul. 15, 2026)). While this is petitioner's second petition, it is permissible to file a second habeas petition raising a prolonged detention claim, which was not ripe at the time of the first petition. The Court notes that it is concerning, however, that petitioner did not disclose his prior petition or address it in his reply.

all further proceedings. (ECF No. 4.) On August 27, 2026, respondent timely filed a motion to dismiss. (ECF No. 7.) Petitioner filed a reply. (ECF No. 8.) Briefing is now complete.

## III. LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## IV. DISCUSSION

Petitioner challenges his continued detention based on the violation of the following: (1) regulatory violations for individuals subject to a final removal order; (2) petitioner's prolonged detention violates the Fifth Amendment procedural due process clause;[4] (3) removal is not likely in the foreseeable future including to a third country;[5] and (4) that his detention is arbitrary and indefinite.[6] (ECF No. 1 at 6-7.) Respondent argues that petitioner is subject to mandatory detention under 8 U.S.C. § 1226(c)(1)(B), as he is a deportable under 8 U.S.C. § 1227(a)(2)((B)(i) for being convicted of a controlled substance violation. (ECF No. 7 at 2-4.)

---

[4] Because petitioner is proceeding pro se and pro se pleadings are liberally construed, the Court construes petitioner's claim as a Fifth Amendment due process claim challenging his detention, and not limited to a claim challenging his detention pursuant to 8 U.S.C. § 1231.

[5] The form petition claims one and four based on violations of 8 C.F.R. §§ 241.4, 241.13, but petitioner does not appear to be pursuing this claim for relief where petitioner is not subject to a release order or a final order of removal. (See ECF No. 7; https://acis.eoir.justice.gov/en.) The Court also notes that respondent does not contend that petitioner has a final removal order or is subject to § 1231. (See ECF No. 7.)

[6] The Court interprets the fourth claim to be the same as the due process challenge in the second claim.

Respondent further argues that petitioner should be required to challenge whether he is subject to mandatory detention under § 1226(c) before the immigration court in a Joseph hearing. (Id. at 3 (citing Matter of Joseph, 22 I & N Dec. 799 (BIA 1999).)

**A. Due Process Claim (Claims Two and Four)**

In analyzing petitioner's challenge to his detention, the court "must first identify the statutory provision that purports to confer" authority for his detention. Prieto-Romero v. Clark, 534 F.3d 1053, 1057 (9th Cir. 2008). For the purposes of analyzing a prolonged detention claim, this Court assumes without deciding that petitioner is detained pursuant to 8 U.S.C. § 1226(c)(1)(B) because he is subject to removal pursuant to 8 U.S.C. § 1227(a)(2)((B)(i) based on his conviction under Florida Statutes § 893.13(6)(a) for possession of a controlled substance (methamphetamine). Pursuant to § 1226(c), "detention is mandatory, and a noncitizen of the United States . . . therefore is not statutorily entitled to a bond hearing." Avilez v. Garland, 69 F.4th 525, 529 (9th Cir. 2023); see 8 U.S.C. § 1226(c)(1); Jennings v. Rodriguez, 583 U.S. 281, 303 (2018).

This does not end the inquiry, however, because petitioner has raised a due process claim. While the Supreme Court has rejected a facial challenge to mandatory detention under § 1226(c) in Demore v. Kim, 538 U.S. 510 (2003), an as applied challenge is not foreclosed and Justice Kennedy's concurring opinion in Demore specifically noted that "since the Due Process Clause prohibits arbitrary deprivations of liberty, a lawful permanent resident alien such as [Kim] could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532. In addition, "[t]he Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c)." Loba L.M. v. Andrews, et al., No. 1:25-cv-00611-JLT-SAB, 2025 WL 2939178, at *4 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025); see Avilez, 69 F.4th at 538 (declining to determine whether due process requires a bond hearing for noncitizens detained pursuant to § 1226(c)). "Although the Ninth Circuit has yet to take a position on whether due process requires a bond hearing for noncitizens detained under 8 U.S.C. § 1226(c), the First, Second, and Third Circuits

have found that 'the Due Process Clause imposes some form of 'reasonableness' limitation upon the duration of detention . . . under [section 1226(c)].'" Loba L.M., 2025 WL 2939178, at *5 (quoting Reid v. Donelan, 17 F.4th 1, 7 (1st Cir. 2021); citing Black v. Decker, 103 F.4th 133, 138 (2d Cir. 2024) ("conclud[ing] that a noncitizen's constitutional right to due process precludes his unreasonably prolonged detention under section 1226(c) without a bond hearing"); German Santos v. Warden Pike Cnty. Corr. Facility, 965 F.3d 203, 209-10 (3d Cir. 2020) (holding that after Demore and Jennings, petitioners detained pursuant to § 1226(c) can still bring as-applied challenges to their detention and that due process affords them a bond hearing once detention becomes unreasonable)). "[E]ssentially all district courts that have considered the issue agree that prolonged mandatory detention pending removal proceedings, without a bond hearing, 'will—at some point—violate the right to due process.'" Martinez v. Clark, No. 2:18-cv-1669 RAJ, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), report and recommendation adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (citation omitted); see also Loba L.M., 2025 WL 2939178, at *5. This Court joins other courts that have found that unreasonably prolonged detention pursuant to § 1226(c) without a bond hearing can violate due process. See Keo v. Chestnut, No. 1:26-cv-1192 DJC CSK, 2026 WL 747117, at *2 (E.D. Cal. Mar. 17, 2026); Loba L.M., 2025 WL 2939178, at *5.

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. Const. amend. V. "It is clear that commitment for any purpose constitutes a significant deprivation of liberty that requires due process protection." Foucha v. Louisiana, 504 U.S. 71, 80 (1992). "[T]he Due Process Clause applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas, 533 U.S. at 693. "The Due Process clause applies to noncitizens in this country in connection with removal proceedings, even if their presence is unlawful or temporary." Tinoco v. Noem, 818 F. Supp. 3d 1141, 1151 (E.D. Cal. Dec. 14, 2025) (citing Zadvydas, 533 U.S. at 693).

The court analyzes petitioner's due process claim "in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines

the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution." Garcia v. Andrews, 2025 WL 1927596, at *2 (E.D. Cal. July 14, 2025) (citing Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989)). The Court concludes that petitioner has a protected liberty interest in his freedom from detention. See Keo, 2026 WL 747117, at *2 (concluding clear liberty interest in freedom from detention where petitioner was detained pursuant to § 1226(c) for over 37 months). Petitioner has been detained for over seven months since February 2026, and faces prolonged detention during his appeal to the BIA and further potential judicial review. This also exceeds the time period the Supreme Court noted in Demore: "the detention at stake under § 1226(c) lasts roughly a month and a half in the vast majority of cases in which it is invoked, and about five months in the minority of cases in which the alien chooses to appeal." Demore, 538 U.S. at 530.

Next, the court turns to what procedures are necessary to ensure that the deprivation of the protected liberty interest meets the demands of the Constitution. The Ninth Circuit has "regularly applied Mathews [v. Eldridge, 424 U.S. 319 (1976)], to due process challenges to removal proceedings." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206 (9th Cir. 2022); see also Hernandez v. Sessions, 872 F.3d 976, 993 (9th Cir. 2017) (applying Mathews factors in immigration detention context). In applying the Mathews test to a procedural due process claim challenging immigration detention, the Ninth Circuit explained that "Mathews remains a flexible test that can and must account for the heightened governmental interest in the immigration detention context." Rodriguez Diaz, 53 F. 4th at 1206-07 (citations omitted). Under Mathews, the Court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest.[7] Mathews, 424 U.S. at 335.

---

[7] "District courts within this Circuit have adopted a variety of multi-factor tests for determining at what point a noncitizen detained pursuant to a mandatory detention statute is constitutionally entitled to a bond hearing." Mohammed v. Warden of California City Detention Center, No. 1:26-cv-0118 DJC CSK, 2026 WL 192368, at *3 (E.D. Cal. Jan. 26, 2026) (applying Mathews test to prolonged detention claim under § 1225(b)(1)). Cf. Keo, 2026 WL 747117, at *2 (applying seven factor test from Martinez, 2019 WL 5968089, at *7, to prolonged detention claim under § 1226(c)). As the considerations in the various multi-factor tests are relevant to the due process analysis, the Court will address them within the Mathews framework.

First, petitioner has a clear interest in remaining free from detention. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690 (citing Foucha, 504 U.S. at 80 ("Freedom from bodily restraint has always been at the core of the liberty protected by the Due Process Clause.); Hernandez, 872 F.3d at 981 ("[T]he government's discretion to incarcerate non-citizens is always constrained by the requirements of due process."). The length of future detention is unknown and prolonged where petitioner's appeal to the BIA is due October 29, 2025, he does not yet have a final removal order, and further judicial review is available after any appeal to the BIA. See https://acis.eoir.justice.gov/en. In addition, the record before the Court does not indicate whether there have been any delays caused by either the petitioner or the government. The first factor therefore weighs in petitioner's favor.

Second, "[t]he risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing." See A.E. v. Andrews, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025). Civil immigration detention, which is "nonpunitive in purpose and effect[,]" is typically justified under the Due Process Clause only when a noncitizen presents a risk of flight or danger to the community. See Zadvydas, 533 U.S. at 690; Padilla v. ICE, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). Here, petitioner has been detained since February 11, 2026 without a bond hearing to evaluate whether petitioner is a flight risk or a danger to the community. It is not this Court's role to determine whether petitioner is a danger or flight risk, and a neutral arbiter may very well determine that petitioner is a danger given his underlying conviction that makes him removable.

As to the third Mathews factor, this Court recognizes that the government has an interest in enforcing immigration laws and in public safety, but respondent's interest in detaining petitioner without a hearing is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. Nov. 19, 2019); Doe v. Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. Mar. 3, 2025). Detention hearings in immigration courts are routine, and impose a "minimal cost." Doe, 787 F. Supp. 3d at 1094. Overall, balancing these factors, the Court finds that petitioner is entitled to a bond hearing under the Due Process Clause where he has been detained for over seven months, his appeal to

the BIA is pending, and the length of his future detention is unknown where further judicial review is available and the removal order is not yet final. See also Jose G. M. L. v. Warden of the Golden State Annex Detention Facility, et al., No. 1:26-cv-0047 TLN EFB, 2026 WL 472987, at *5 (E.D. Cal. Feb. 19, 2026) (granting preliminary injunctive relief for a bond hearing where the petitioner's detention under § 1226(c) exceeded six months).

**B. Final Removal Order Claims (Claims One and Three)**

To the extent petitioner contends that he is detained pursuant to 8 U.S.C. § 1231(a), this is incorrect. Petitioner is not detained pursuant to 8 U.S.C. § 1231(a) because his removal order is not administratively final where the time to file his appeal to the BIA is still open. See Ocampo v Holder, 629 F.3d 923, 926 (9th Cir. 2010) (citing 8 U.S.C. § 1101(a)(47)(B)) (an order of removal becomes final "only upon the earlier of (i) a BIA determination affirming the order or (ii) the expiration of the deadline to seek the BIA's review of the order.").

In claim three, petitioner also argues that removal to a third country is unconstitutional. (ECF No. 1 at 6.) In the motion to dismiss, respondent does not argue, and there is no indication that petitioner would be removed to a third country, especially because the removal order is not final. (See ECF No. 7.) Accordingly, because there is no live case or controversy regarding petitioner's final removal order and third country removal claims, this Court lacks jurisdiction to order relief concerning these claims. For the following reasons, this Court finds that petitioner lacks standing to raise his claims challenging third country removal policies and procedures.

To establish Article III standing, a party must allege an injury that is "concrete and particularized," "actual or imminent," and likely to be "redressed by a favorable" judicial decision. Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992). The petition appears to be a form petition and the record before the Court does not indicate that third country removal is at issue. (See ECF No. 1.) Because nothing before the Court shows any basis for petitioner's final removal order and third country removal claims, this Court finds that petitioner lacks standing to raise his final removal order and third country removal claims at this time, and those claims should be denied.

///

**V. MOTION TO DISMISS**

Respondent filed a motion to dismiss. (ECF No. 7.) Respondent contends that petitioner has not exhausted his administrative remedies by failing to request a Joseph hearing. (Id. at 3). However, petitioner does not appear to challenge that he is subject to detention under section 1226(c). (ECF Nos. 1, 8.). Therefore, respondent's motion to dismiss should be denied.

**VI. CONCLUSION**

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 7) be DENIED.
2. The petition for writ of habeas corpus (ECF No. 1) be GRANTED as to claims two and four (due process), and DENIED as to claims one and three (final removal order and third country removal).
3. Respondent be ordered to provide petitioner Enzo Cupellini Echevarria (A-242-111-910) with a constitutionally adequate bond hearing before an immigration judge/ neutral decisionmaker within **fourteen (14) days** of the adoption of these findings and recommendations where respondent bears the burden of establishing by clear and convincing evidence that petitioner poses a danger to the community or a risk of flight to justify continued detention. Respondent must provide notice to petitioner and if petitioner has counsel, also petitioner's counsel, with at least seven (7) days' notice before the bond hearing. If petitioner has counsel, petitioner shall be allowed to have counsel present at any such hearing.
4. Because petitioner is proceeding pro se, respondent be further directed to file a status report within **seven (7) days** from the date of the bond hearing.
5. The Clerk of the Court be directed to enter judgment in favor of petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **seven days** of the date of these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to

Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **seven** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: October 7, 2026

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

/cupe6548.157.2241.1226cprolonged/10