UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

ENZO C.E.,[1]

Petitioner,

v.

WARDEN, CENTRAL VALLEY ANNEX,

Respondent.

No. 1:26-cv-6548-TLN-CSK

A# 242-111-190

**ORDER**

Petitioner, an immigration detainee proceeding without counsel, filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 7, 2026, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within seven days. (ECF No. 10.) Respondent filed objections to the findings and recommendations "for the reasons stated in their Motion to Dismiss." (ECF No. 11.)

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this Court has conducted a *de novo* review of this case. The Court has reviewed the file and finds the findings and recommendations to be supported by the record and by the magistrate judge's analysis.

Accordingly, IT IS HEREBY ORDERED:

1. The findings and recommendations (ECF No. 10) are ADOPTED IN FULL.

2. Respondent's Motion to Dismiss (ECF No. 7) is DENIED.

3. The Petition for Writ of Habeas Corpus (ECF No. 1) is GRANTED as to claims two and four (due process), and DENIED as to claims one and three (final removal order and third country removal).

4. Respondent is ENJOINED from continuing to detain Petitioner for more than **fourteen (14) days**[2] from the date of this Order without a bond hearing before a neutral factfinder at which the government bears the burden to establish by clear and convincing evidence that Petitioner's ongoing detention is justified due to danger to the public or flight risk. The factfinder must consider Petitioner's financial circumstances for bond and alternative conditions of release. At any such hearing, if Petitioner has counsel, Petitioner shall be allowed to have counsel present. Respondent must provide notice to Petitioner and, if Petitioner has counsel, also to Petitioner's counsel, with **at least seven (7) days' notice** before the bond hearing. Respondents may impose any restrictions or conditions determined to be necessary by the factfinder at the hearing. If the government fails to meet its burden, Respondents must immediately release Petitioner.

5. Within **two (2) court days** from the date of the bond hearing, Respondents must file a **notice of compliance** with the Court's Order confirming that the hearing occurred, the date of the hearing, the outcome of the hearing, and Petitioner's custody status.

6. If Petitioner is released, Respondents are further ENJOINED from re-detaining Petitioner, while subject to 8 U.S.C. § 1226, absent changed circumstances and compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation

[2] Unless Petitioner seeks a continuance or additional time to prepare.

hearing before a neutral factfinder where the government must establish by clear and convincing evidence that its interest in protecting the public or ensuring Petitioner appears at future immigration proceedings outweighs Petitioner's constitutionally protected interest in remaining free from detention such that no alternative to detention can mitigate that risk. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case. However, the parties are advised that any further challenges related to the relief granted in this case should be filed in this case using the aforementioned case number (Case No. 1:26-cv-6548-TLN-CSK).

IT IS SO ORDERED.

DATE: October 19, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE